### INJURY TO ONE OPERATING A DERRICK.

Circuit Court of Summit County.

THE KILE MANUFACTURING CO. v. JOSEPH PETERSON.

Decided, April Term, 1909.

*Defective Machinery—Opinion Evidence.*

It is improper to permit an expert witness to give his opinion as to whether it was safe to operate an ordinary foot brake which had been worn smooth through use, so that the foot was apt to slip off of it, there being nothing complicated about the brake, and the question being the ultimate fact for the jury to find from all the evidence in the case.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Joseph Peterson was injured while in the service of the Kile Manufacturing Company, unloading logs from a car by means of a derrick. He sued the company for his damages thus sustained and recovered a judgment. The trial judge succinctly stated to the jury the specifications of negligence which Peterson must prove:

"First. That the defendant company negligently failed and neglected to provide a safe and approved style of brake and lever to control the movement and operation of the hoisting machine referred to in this action, commonly known as the foot brake—foot brake or lever.

"Second. That the foot brake or lever furnished and provided by the defendant company had been carelessly and negligently allowed and permitted to become and remain smooth, slippery and ineffectual to safely control the movement and operation of said hoisting machine.

"Third. That the defendant company was careless and negligent in placing in control of said hoisting machine an unfit, unskilled and incompetent person for that purpose."

There was no evidence introduced tending to prove that the style of brake used was not proper, but there was evidence tending to show that the brake had been permitted to become smooth, slippery and ineffectual to safely control the movement of the hoist-

ing machine and that it was operated at the time of the accident by an incompetent person.

With these ultimate facts in mind, which the jury was to determine, was it proper to permit the witness, Flynn, who qualified as an expert, to testify as shown on page 112 of the bill of exceptions as follows:

"Q. Mr. Flynn, if that brake, that foot brake controlling the boom, up and down movement of the boom, when a log was on it, or when off, was controlled by a foot brake at the time of the injury, the place where the foot went on, the part—the handle where the foot went on to control it was smooth and worn and not protected on the sides to prevent a slipping, would you say that that was a reasonably safe appliance in connection with which Mr. Peterson had to do his work out on the car hooking these tongs into the logs?

"Objected to.

"THE COURT: Reasonably safe appliances for the operation of said hoisting machinery, that is what you mean.

"Objection overruled; defendant excepts.

"A. . I could not say it was safe.

"Q. What would you say about it being unsafe?

"THE COURT: The question was whether it was reasonably safe, that is the question, what is your answer?

"Objected to; objection overruled; defendant excepts.

"A. Anything but safe."

This was one of the questions the judge finally submitted to the jury, and it would seem that it was improper to substitute the judgment of Flynn for that of the jury. There was nothing intricate or complicated about the machine. If the brake operated by the foot was smooth, the foot would likely slip off of it, particularly if operated by an incompetent man. If the foot slipped from the brake, an accident was likely to happen, because the hoisting machine would immediately lower the log. One does not need to be an expert to know this and the facts were all before the jury for it to draw its own conclusion as to whether the appliance was safe, in the condition and under the circumstances shown in evidence which resulted in Peterson's injury.

The rule is well stated in the first two paragraphs of the syllabus of the case of *Torpedo Co.* v. *Fishburn*, 61 O. S., 608, as follows:

"Opinion evidence may not be given where an opinion is asked as to the precise, ultimate fact in issue which is to be tried by the jury, but such testimony is not necessarily incompetent if it calls for an opinion as to a matter which is evidentiary only and merely tends to establish a fact which may be involved in the issue.

"Such evidence is not competent where the matter inquired about is one within the common knowledge of men of ordinary information, and it is practicable to place before the jury all the primary facts upon which a conclusion is to be based, but where a witness is shown to be learned, skilled or experienced in a particular business, he may be asked to give an opinion as to pertinent matters which are not the subject of common knowledge, and as to which the jury is not so competent as is the witness to draw the proper conclusion from the general facts proven."

See also the case of *Railroad Co.* v. *Schultz,* 43 O. S., 270, and cases there cited.

It is likely that the trial judge committed the error of permitting Flynn to answer the question complained of through inadvertance, for he ruled properly upon objection of defendant below to a similar question, as shown on page 108, and upon objection of plaintiff below to a like question, as shown on page 296, but the prejudice likely to result from such incompetent evidence was enhanced in this case by the charge of the court upon the weight to be given the opinions of experts, as found upon page 380:

"Certain witnesses have testified as to their opinions touching the operation of the hoisting machine and its different appliances. Such evidence is admissible and should be considered by the jury, together with all the other evidence in the case, giving such weight and credit thereto as in the fair and reasonable judgment of the jury it is justly entitled to."

We find no other errors in the record prejudicial to the rights of the plaintiff in error; the verdict does not seem excessive, or unwarranted by the evidence.

Judgment reversed for error in ruling on evidence.